## Braden, Appellant, *v.* Workman.

*Equity—Findings of fact by master—Review.*

A finding by a master confirmed by the court below that a paper upon which an alleged trust is based, is a forgery, will not be reversed by the Supreme Court where no manifest error appears.

Argued Oct. 22, 1901. Appeal, No. 34, Oct. T., 1901, by plaintiffs, from decree of C. P. Washington Co., No. 515, dismissing bill in equity in case of Wm. H. Braden and Mary Ann Braden et al. v. William Workman, Cashier of the Washington Savings Bank, for the use of the stockholders of the bank. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity to declare a trust.

The case was previously reported in 43 Legal Intelligencer, 240.

From the master's report the following facts appear: Mary Ann Braden, wife of William H. Braden, was the daughter of Robert Boyd. On November 10, 1868, Boyd purchased the property which is the subject-matter of this suit, and conveyed it May 17, 1875, to William H. Braden. The Washington Savings Bank entered judgment against William H. Braden, December 20, 1878, and levied upon and sold the property, William Workman, its cashier, becoming the purchaser. At this sale Mary Ann Braden gave notice that the property belonged to her and not her husband. Workman brought an action of ejectment against William H. Braden and Mary Ann Braden, and she set up a parol trust in her favor. Her offers to prove this trust were overruled and their overruling was assigned for error in an appeal to the Supreme Court, which affirmed the judgment of the court below. Subsequently a petition was presented to the Supreme Court for a reargument, for the reason that since the judgment of affirmance, a written declaration of trust, of even date with the deed from Robert Boyd to William H. Braden had been discovered. This paper was as follows:

                 "Washington, May 17, 1875.

"This day the deed of Mr. Robert Boyd was made to W. H. Braden for his wife, Mary Ann Braden. There is no money to be paid, as I am to hold it for her in trust. Mr. Robert Boyd is to make his will and explain the whole matter fully for the benefit of all concerned hereafter.

                       "W. H. Braden.
                       "Robert Boyd."

The petition for a reargument was refused. A writ of habere facias was issued, and the plaintiff put in possession. The bank having become insolvent, a receiver was appointed and he proceeded to sell the property. Mary Ann Braden gave notice of her title at the sale and filed this bill in equity setting up a trust for her under the foregoing paper signed by Robert Boyd and William H. Braden. The matter was referred to a master who found that this paper was a forgery and was prepared after the adverse decision of the Supreme Court. He recommended a decree dismissing the bill, which was entered by the court.

*Error assigned* was decree dismissing bill.

*C. F. McKenna*, with him *E. J. McKenna* and *John C. Bane*, for appellant.

*T. F. Birch*, for appellee.

PER CURIAM, November 8, 1901:

In 1883 the sheriff's vendee of the property in controversy, which had been sold as William H. Braden's, brought ejectment against the latter and his wife, Mary Ann Braden, to recover possession of the premises. Defense was made by the wife that the property was hers, and in support of her claim she undertook to set up a resulting trust, resting in parol. The evidence which she offered was rejected as inadmissible under the act of 1856, and on November 2, 1885, we affirmed the judgment in favor of the plaintiff below. In this proceeding the wife now produces a writing upon which she relies as sufficient proof that her husband held the property as trustee for her; but as the master has found, and the court below has affirmed his findings, which, upon a review of all the evidence, we are unwilling to disturb, that this paper is a forgery, her last estate is worse than her first, and the decree that her bill be dismissed is affirmed.

Appeal dismissed at the appellant's costs.